UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| US AIRLINE PILOTS ASSOCIATION<br>200 E. Woodlawn Road, Suite 250<br>Charlotte, North Carolina, 28217<br><br>        *Plaintiff*,<br><br> v.<br><br>US AIRWAYS, INC.<br>4333 Amon Carter Boulevard<br>Fort Worth, Texas 76155<br><br>AMERICAN AIRLINES, INC.<br>4333 Amon Carter Boulevard<br>Fort Worth, Texas 76155<br><br>and<br><br>ALLIED PILOTS ASSOCIATION<br>14600 Trinity Boulevard, Suite 500<br>Fort Worth, Texas 76155-2512<br><br>        *Defendants*. | 14-CIV-_____ |

## COMPLAINT

Plaintiff US AIRLINE PILOTS ASSOCIATION (hereinafter "USAPA"), respectfully alleges as follows:

### NATURE OF ACTION

1. USAPA brings this action against defendants US AIRWAYS, INC. ("US Airways"), AMERICAN AIRLINES, INC. ("American") (collectively "the Carriers"), and ALLIED PILOTS ASSOCIATION ("APA"), for declaratory and injunctive relief under 49 U.S.C.

§ 42112(a), the McCaskill-Bond Amendment to the Federal Aviation Act ("McCaskill-Bond Amendment") and 28 U.S.C. § 2201, the Declaratory Judgment Act.

2. This action arises in a seniority list integration dispute between the pilots of American and US Airways to combine their existing separate seniority lists into one seniority list covering all pilots, resulting from the merger transaction between American and US Airways that closed on December 9, 2013. The integration of seniority lists among airline employee groups affected by an airline merger is governed by the McCaskill-Bond Amendment, 49 U.S.C. § 42112(a), which was adopted by Congress in 2007 in response to the unfair treatment of former employees of Trans World Airlines ("TWA") by defendants American and the APA in the 2001 merger of American and TWA. Defendants American and APA refused fair procedures for seniority list integration to the former pilots of TWA and instead entered an agreement, without participation by TWA pilots, which placed most former TWA pilots at the bottom of the American Airlines pilot seniority list and then resulted in those former TWA pilots being furloughed after merger of the two airlines. In response to this unfair treatment of TWA pilots by defendants American and APA, Congress adopted the McCaskill-Bond Amendment and imposed on airline mergers a requirement that the employee groups involved in the merger would have their seniority lists combined in a fair and equitable manner through a fair process, including recourse to arbitration to resolve the dispute if necessary.

3. As more fully described below, USAPA seeks declaratory and injunctive relief in the parties' dispute concerning the integration of seniority lists between the pilots of American and the pilots of US Airways under the McCaskill-Bond Amendment, 49 U.S.C. § 42112(a), including, but not limited to, an order declaring that the McCaskill-Bond Amendment requires that the integration of the seniority lists of US Airways and American pilots must be completed pursuant to

Section 13(a) of the Allegheny-Mohawk Labor Protective Provisions ("Allegheny-Mohawk LPPs") and compelling the defendants to comply with the requirements of Section 13(a); an order awarding USAPA its reasonable costs and attorneys' fees associated with this proceeding; and such other and further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction under the McCaskill-Bond Amendment, 49 U.S.C. § 42112(a), pursuant to 28 U.S.C. § 1331.  This Court also has jurisdiction herein pursuant to 28 U.S.C. § 1337 because this is an action arising under a statute that regulates commerce and/or protects trade and commerce against restraints.

5.  Plaintiff's claims are also brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seek a declaration as to the parties' rights and obligations under the McCaskill-Bond Amendment.

6.  Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b), because USAPA does business in this district, and defendants US Airways, US Airways Group, American, American Airlines Group, AMR and APA reside in, are found in, or are doing business in this district.  Upon information and belief, it is also the district in which members of defendant APA reside.

7.  Venue also is proper in this district, because the events giving rise to this action primarily occurred within this district.  Specifically, negotiations among the parties in an effort to reach agreement on alternative procedures for integration of the two pilot groups' seniority lists have occurred primarily in the District of Columbia.

8. Additionally, venue is proper in this district because the McCaskill-Bond Amendment designates the National Mediation Board, which is located here, as the federal agency to issue the list of arbitrators for resolving the seniority list integration dispute and it is a disagreement over the issuance and use of this list which gives rise to the immediate disagreement alleged in this complaint. All of the relevant correspondence concerning this list has been with the NMB which is located here and the list will be issued by the NMB

## PARTIES

9. Plaintiff USAPA is a private, unincorporated association operating as a labor organization. USAPA is a "representative" as defined by the RLA, 45 U.S.C. § 151 (Sixth), and is the certified collective bargaining representative of the pilots of US Airways. USAPA has its principal place of business located at 200 E. Woodlawn Road, Suite 250, Charlotte, North Carolina, 28217.

10. Upon information and belief, defendant US Airways is a commercial airline with national and international operations, and is an "air carrier" within the meaning of 49 U.S.C. § 42112, note § 117(b)(1). US Airways has its principal place of business located at 4333 Amon Carter Boulevard, Fort Worth, Texas 76155.

11. Upon information and belief, US Airways is a wholly owned subsidiary of US Airways Group.

12. Upon information and belief, defendant American is a commercial airline with national and international operations, and is an "air carrier" within the meaning of 49 U.S.C. § 42112, note § 117(b)(1). American has its principal place of business located at 4333 Amon Carter Boulevard, Fort Worth, Texas 76155.

13. Upon information and belief, American is a wholly owned-subsidiary of AMR Corporation.

14. Upon information and belief, defendant APA is a private, unincorporated association operating as a labor organization.

15. Upon information and belief, APA is a "representative" as defined by the RLA, 45 U.S.C. § 151 (Sixth), and is the certified collective bargaining representative of the pilots of American. APA has its principal place of business located at 14600 Trinity Boulevard, Suite 500, Fort Worth, Texas 76155-2512. By its officers and employees, APA conducts business and acts on behalf of its members in the District of Columbia, at least one of whom resides within the District of Columbia.

## FACTS

16. The McCaskill-Bond Amendment governs the integration of seniority lists among airline employee groups involved in an airline merger.

17. The McCaskill-Bond Amendment provides, in pertinent part,

> (a) Labor Integration.—With respect to any covered transaction involving two or more covered air carriers that results in the combination of crafts or classes that are subject to the Railway Labor Act (45 U.S.C. 151 et seq.), sections 3 and 13 of the labor protective provisions imposed by the Civil Aeronautics Board in the Allegheny-Mohawk merger (as published at 59 C.A.B. 45) shall apply to the integration of covered employees of the covered air carriers; except that—
>
>> (1) if the same collective bargaining agent represents the combining crafts or classes at each of the covered air carriers, that collective bargaining agent's internal policies regarding integration, if any, will not be affected by and will supersede the requirements of this section; and
>
>> (2) the requirements of any collective bargaining agreement that may be applicable to the terms of integration involving covered employees of a covered air carrier shall not be affected by the requirements of this section as to the employees covered by that agreement, so long as those provisions allow for the protections afforded by sections 3 and 13 of the Allegheny-Mohawk provisions.

5

18. Section 3 of the Allegheny-Mohawk LPPs, which is incorporated as part of the McCaskill-Bond Amendment, provides that employees involved in a merger of airlines will have their separate seniority lists combined into a single seniority list covering all employees in a fair and equitable manner.  Section 3 further provides that if the parties cannot agree on a fair and equitable manner for combination of the seniority lists, any party may submit the dispute for resolution in accordance with the dispute resolution procedures of Section 13 of the Allegheny-Mohawk LPPs.

19. Section 13 of the Allegheny-Mohawk LPPs establishes a dispute resolution procedure, including for Section 3 seniority integration disputes, which provides under its subsection 13(a) that if the parties have not settled the dispute within 20 days of it arising, any party may request from the National Mediation Board ("NMB") a list of seven potential arbitrators from which the parties will then alternately strike names until a single arbitrator remains who will hear and resolve the dispute.  Section 13(a) further provides that expedited arbitration will occur and a decision will be rendered by the arbitrator within 90 days of the dispute arising, unless the parties mutually agree to extend that time period.

20. Section 13 also provides under its subsection 13(b) that parties may agree on an alternative method for dispute settlement or arbitrator selection for their particular dispute.  But Section 13(b) states that no party is excused from compliance with Section 13(a)'s requirements unless and until all parties agree on an alternative dispute resolution procedure.

21. On November 29, 2011, AMR Corporation and its subsidiaries, including American, commenced a voluntary Chapter 11 case in the United States Bankruptcy Court for the Southern District of New York.  *In re AMR*, No. 7587, Case No. 11-15463.

22. In April 2012, US Airways announced its intention to pursue a merger with American.

23. In or around April 2012, USAPA, US Airways, American, and APA began negotiations on a four-party Memorandum of Understanding regarding a Contingent Collective Bargaining Agreement ("MOU").

24. The MOU was executed by the parties in or around February 2013.

25. The MOU contains certain provisions in its paragraph 10 pertaining to a procedure for integration of the seniority lists of the pilots of US Airways and American. The parties agreed that this process would commence on or about the "Effective Date" of the approval of a Plan of Reorganization by the Bankruptcy Court in the AMR bankruptcy proceeding.

26. Paragraph 10 of the parties' MOU did not establish a method for the selection of arbitrators to hear a dispute. Such a process could only be established through the parties' further agreement in the seniority integration "Protocol Agreement" referenced in the MOU.

27. The MOU did not trigger either exception under the McCaskill-Bond Amendment for its application to the seniority integration dispute between the American and US Airways pilots.

28. On or about February 13, 2013, US Airways and American (jointly "the Carriers") entered into an Agreement and Plan of Merger ("Merger Agreement").

29. The transaction entered by US Airways and American provided for the combination of the Carriers into a single air carrier, including the transfer of ownership of more than 50 percent of an air carrier.

30. On or about February 22, 2013, the Carriers filed a joint motion in the AMR bankruptcy proceeding seeking approval of the Merger Agreement. *In Re AMR*, No. 7587, Case No. 11-15463, Doc. 6800.

31. On March 27, 2013, the Bankruptcy Court granted the motion seeking approval of an agreement to merge. *In Re AMR*, No. 7587, Case No. 11-15463, Doc. 7587.

32. On April 15, 2013, the Carriers filed a joint Plan of Reorganization in the AMR bankruptcy proceeding seeking approval of AMR's emergence from bankruptcy. *In Re AMR*, No. 7587, Case No. 11-15463, Doc. 7631.

33. On August 13, 2013, the Department of Justice filed an anti-trust action, alleging that the merger violated Section 7 of the Clayton Act. *United States v. US Airways Group*, 13-cv-01236 (D.D.C Aug. 13, 2013).

34. On November 12, 2013, a settlement of the DOJ action was publicly announced.

35. On November 27, 2013, the SDNY Bankruptcy Court signed an order approving the settlement and allowing the merger to go forward. *In Re AMR*, No. 7587, Case No. 11-15463, Doc. 11320.

36. On December 9, 2013, the merger and reorganization plan became effective. *In Re AMR*, No. 7587, Case No. 11-15463, Doc. 11402.

37. In December 2013, American, APA, US Airways and USAPA began negotiations in an effort to reach agreement on procedures for integration of the seniority lists of the American Airlines pilots and the US Airways pilots, including the selection of arbitrators to resolve the dispute over seniority list integration referred to as a "Protocol Agreement." These negotiations were primarily conducted within the District of Columbia.

38. The parties mutually agreed to extend the deadline for negotiation of a Protocol Agreement until February 18, 2014.

39. Despite the exchange of various proposals between the parties, an agreement could not be reached on a Protocol Agreement by the February 18 deadline.

40. The parties did not agree on an alternative means for seniority list integration under Section 13(b) of the Allegheny-Mohawk LPPs.

41. On February 19, 2014, Paul Jones (Senior Vice President, General Counsel, and Chief Compliance Officer for the Carriers) acknowledged via e-mail that the time period for reaching a Protocol Agreement had expired and that parties had failed to agree on a method of arbitrator selection. Mr. Jones proposed in his e-mail a method for selection of arbitrators to resolve the parties' dispute.

42. On February 20, 2014, USAPA President Captain Gary Hummel sent a letter to NMB Chief of Staff Daniel Rainey, at his office in Washington, D.C., requesting a list of seven arbitrators pursuant to Section 13(a) of the Allegheny-Mohawk LPPs and the McCaskill-Bond Amendment.

43. Under the requirement of Section 13(a) imposed by the McCaskill-Bond Amendment, upon receipt of the list from the NMB, the parties are required to alternately strike names from the list until one named arbitrator remains. That remaining person will be appointed as the arbitrator who will preside over an arbitration regarding integration of the seniority lists of the pilots employed by the airlines, and decide upon a fair and equitable integration of said seniority lists.

44. On February 25, 2014, APA and the Carriers filed grievances under Paragraph 20 of the MOU, claiming that USAPA violated MOU paragraph 10 by invoking the McCaskill-Bond Section 13(a) process by requesting a list of seven potential arbitrators from the NMB on February 20, 2014. APA and the Carriers requested as part of the remedy in their grievance that USAPA be ordered by the arbitrator to revoke its February 20, 2014 request to the NMB under Section 13(a) of the Allegheny-Mohawk LPPs.

45. On February 27, 2014, the Carriers sent a letter to the NMB, at its offices in Washington, D.C., asserting that USAPA's February 20, 2014 request under Section 13(a) was improper and that the NMB should not issue the panel of arbitrators as required by Section 13(a).

46. The APA also wrote the NMB, at its offices in Washington, D.C., on February 27, 2014 objecting to USAPA's request under Section 13(a) and asserting that Section 13(a) did not apply to the parties' dispute.

47. The defendants have conclusively asserted a position that they are not obligated to comply with Section 13(a) in resolving the seniority list integration dispute.

## CAUSE OF ACTION

48. USAPA repeats and realleges the allegations in paragraphs 1-47, inclusive, as if set forth fully herein.

49. The merger of American and US Airways is a "covered transaction" under the McCaskill-Bond Amendment.

50. The pilots of American and US Airways are "covered employees" under the McCaskill-Bond Amendment.

51. The McCaskill-Bond Amendment governs the seniority list integration dispute between the pilots of American and US Airways.

52. The McCaskill-Bond Amendment requires that the integration of seniority lists among the pilots of American Airlines and US Airways be governed by Sections 3 and 13 of the Allegheny-Mohawk LPPs.

53. Under Section 13(b) of the Allegheny-Mohawk LPPs, parties may agree on an alternative method for resolution of a seniority list integration dispute, including selection of arbitrators.

54. In the absence of agreement on an alternative method for seniority integration under Section 13(b), a seniority list integration dispute is governed by Section 13(a) of the Allegheny-Mohawk LPPs.

55. The Carriers, APA and USAPA were not able to agree on an alternative method for integration of the seniority lists of the American pilots and US Airways pilots under Section 13(b).

56. The seniority list integration dispute between the parties is therefore governed by Section 13(a) of the Allegheny-Mohawk LPPs.

57. American, APA and US Airways are therefore obligated to comply with Section 13(a) of the Allegheny-Mohawk LPPs along with USAPA for resolution of the seniority list integration dispute between the American pilots and US Airways pilots.

58. Accordingly, USAPA is entitled to a declaratory judgment declaring that integration of the seniority lists of US Airways and American pilots is governed by and must be completed pursuant to Section 13(a) of the Allegheny-Mohawk LPPs and the McCaskill-Bond Amendment.

59. USAPA is further entitled to injunctive relief against American, US Airways, and APA directing them to comply with the requirements of Section 13(a) of the Allegheny-Mohawk LPPs, and to participate with USAPA in resolving the seniority list integration dispute between the American and US Airways pilots under the requirements of Section 13(a) of the Allegheny-Mohawk LPPs.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff USAPA demands judgment against defendants and respectfully requests the Court, as appropriate:

(a) Issue an order declaring that integration of the seniority lists of US Airways and American pilots must be completed pursuant to Section 13(a) of the Allegheny-Mohawk LPPs and the McCaskill-Bond Amendment;

(b) Issue an injunction permanently requiring APA, American and US Airways to participate with USAPA in the dispute resolution procedures required by Section 13(a) of the Allegheny-Mohawk LPPs to resolve the seniority list integration dispute, including selecting an arbitrator from the panel of arbitrators provided by the National Mediation Board, and proceeding with USAPA to an arbitration hearing in accordance with Section 13(a) of the Allegheny-Mohawk LPPs until completion of the requirements thereof for resolution of the seniority list integration dispute among the pilots of American Airlines and US Airways;

(c) Issue an injunction permanently prohibiting APA, American and US Airways from attempting to resolve the seniority list integration dispute arising from the merger of American and US Airways through any process other than that provided by the McCaskill-Bond Amendment including through any arbitration proceeding under the MOU.

(d) Issue an order awarding USAPA its reasonable costs and attorneys' fees associated with this proceeding; and

(e) Such other and further relief as the Court deems equitable and just.

Dated: February 27, 2014
       Washington, D.C.

    Respectfully submitted,

    **O'DWYER & BERNSTIEN, LLP**

By:   /s/ Brian O'Dwyer_____
    BRIAN O'DWYER (DC Bar No. 993471)
    52 Duane Street, 5th Floor
    Paul O'Dwyer Way
    New York, New York 10007
    Telephone: (212) 571-7100
    Facsimile:  (212) 571-7124
    bodwyer@odblaw.com

**CAPLIN & DRYSDALE, CHARTERED**
KEVIN C. MACLAY (DC Bar No. 449059)
JAMES P. WEHNER (DC Bar No. 454823)
TODD E. PHILLIPS (DC Bar No. 986747)
One Thomas Circle, N.W., Suite 1100
Washington, D.C.  20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301
jwehner@capdale.com
kmaclay@capdale.com
tphillips@capdale.com

**BAPTISTE & WILDER, P.C.**
WILLIAM R. WILDER (DC Bar No. 450083)
1150 Connecticut Ave., N.W., Suite 315
Washington, DC 20036
Telephone:  (202) 223-0723
Facsimile:  (202) 223-9677
wwilder@bapwild.com

*Attorneys for Plaintiff USAPA*